Case is NORGREN Inc. v. ITC & SMC Corp. 2011-13-49 This is at Manti Before I start, there's a box or perhaps two boxes of exhibits that the ITC had delivered and I wanted to use some of the items to demonstrate some points I think all of us may have seen them They're right here Do you wish to use them? I think we both asked for some, so I assume they will use them as well You're not going to flow any water through them Compressed air, your honor Okay, have a second The boxes are open I think you should generally put away your pocketknife It's probably not a good idea to bring it into the courtroom in general Could I leave it out? I might have to undo something One of the problems with exhibits is that they take a lot of time and the benefit to time ratio is often not a good one, but please proceed All right, I'm ready In 2007, we had the first of two trials in this case that involved, at least in part, the issue of obviousness In that case, the ALJ found that the patent, the 392 patent, was not obvious But part of this decision also had to do with the claim construction of the term flange And that's why I wanted to show you these items This is the SMC, the alleged infringing flange And this was found by a panel of this court to be generally rectangular Generally rectangular for a flange Rectangular Not the whole flange, the front face surface, right there Not the whole thing in your hand Right, it's this right here And in the same opinion, they were talking about Norgren's edition of the same thing And there was a picture of this as well in that opinion, saying that this is also The case was sent back to the ITC for a Just out of curiosity, did that prior opinion find that they were generally rectangular or say it is undisputed that the accused structures are generally rectangular? Well, it actually found, it redefined generally rectangular It said that generally rectangular did not have to have four projecting rims As the Norgren flange has the four projecting rims on the flange That this flange, which only has the two projecting rims on these two sides Mounting ears, I remember Mounting ears, correct, your honor That that also was generally rectangular Well, we said it was generally rectangular because it was undisputed whether it was rectangular I just remember working through whether there were two or four required But anyway, go ahead and continue Alright, but in the ID by the ALJ It was found that the patent itself was non-obvious And there were several factors that had not a thing to do with the flange The prior opinion of this court, in other words, was irrelevant to most of the finding In that finding, which was upheld by the ITC It did not review the finding of the ALJ He said that there was insufficient evidence of how to integrate a pivoting side Now this is Norgren's edition of its own patent In other words, here's the pivoting side There was insufficient evidence of how to integrate a pivoting side into a rectangular flange There was insufficient evidence about the choices of how to solve the two problems of loose parts and easy replacements There was insufficient evidence of how the choice was made There was insufficient evidence of expectations of success And most importantly, according to the ALJ and passed by the ITC There was no evidence of why to choose a rectangular clamp with a pivoting side As opposed to all of the possible choices That was the opinion of the ITC in 2008 We had another trial in 2010 In that trial, basically the same evidence was presented by the challengers as to obviousness But there was one change as to the presentation from Norgren We presented a witness named John Wolfe John Wolfe may have been the perfect witness to opine upon what a person of ordinary skill in the art In the industry of FRLs, which are what these units are called Would have thought was obvious in 1993, the date of the invention What was the prior act? Wasn't it an old SMC connector with a rectangular flange? This is the prior act I would point out, this is RPX002 I would point out that this is a bracket over here where my hand is So the actual clamp is the part that you can't see covered by my hand It's this, it's this, the other side of the clamp And this which is called a coupling member in the Yamazaki pact And isn't the question whether it was obvious to combine a hinge to close this rectangular portion as shown in Palachi? Well, actually the witness for SMC and the staff of the ITC Said that Palachi basically was irrelevant That hinges had been around a lot longer than Palachi Like doors and all kinds of things That's even worse Well, I have a point to make about that There's actually two issues though It's not just the adding the pivot It's also, was this a generally rectangular clamp? And was it four sided? Wasn't that settled in an earlier case we had? No, it was not In the second case, the ALJ found Your position then is that the earlier case simply addressed the flange And whether the flange was rectangular And particularly whether there were multiple projections on that flange But didn't address the shape of the clamp In the second go round, where this became a big issue The ALJ said this was neither four sided nor was it rectangular Based on his observation of it essentially When it got to the ITC They looked at the same thing And they said, oh yeah That's four sided and rectangular So basically you get to break the tie Which is it? And I would say The one reason I had these brought here Is I think you need to take a look at this And decide, is that four sided and generally rectangular? I would submit that it isn't That it has multiple sides, many more than four That it is not a rectangle It's some other sort of polygon And it's the only example Of the prior art Of a so called four sided, generally rectangular clamp If you find that that is not a four sided, generally rectangular clamp In the sense that the patent says it should be Does it matter that it may have more sides than four? I think it does Why is that? Something that has four sides Still has four sides if there are additional sides Is an octagon generally rectangular? No Pentagon is not an octagon Well you're saying an octagon Is a symmetrical octagon Is a double rectangle? I think what the patent means is If you look at the examples in the past Wait, so you're saying an octagon is not generally rectangular? Excuse me? Did you say an octagon is not generally rectangular? That's correct Okay, hold up the SMC flange It's accused of infringement The flange, flange, not the clamp The flange How is that? Let's see, how many sides does that have, counsel? I want you to look at the front face The generally rectangular part And tell me how many sides One, two, three, four No, no, no, no What about these? What about the rest of it? No, that has eight sides Why is that not an octagon? The beveled corners Well, I think it's In the patent It's generally One way or the other You don't get them both I think that you can have some variation It's generally rectangular Doesn't that apply to the clamp as well? That it's generally rectangular? It certainly There are four sides That have some Operative relationship to the clamping That is performed You've got these two clamps And you've got two protrusions that Cooperate with The flange Well It depends on what you're counting If you're counting everything in there This is called a coupling number And these are called striders In the Ambosaki patent If you're counting all of those It has at least four sides I would agree with you there But I think it has many more Are you excluding this? This? And these? Let me know Well, but the claim talks about Generally rectangular, so I think at some point That provides some Flexibility, does it not? And how this is examined Well, and I think that that's pointed out By this being generally rectangular Is that there is some variation It has beveled edges But I don't think that this Fits within The parameters I think that goes way outside of it As I read the ITC's opinion, though One of the things That they used to Reject Mr. Wolfe's Testimony was Pointing to I don't know if it was Dr. or Mr. Wiskamp Your earlier expert And his testimony was That the only difference, if I remember it right Between the prior art And the present thing is the clamp And that sort of Kind of jammed you up a little bit Now, because you're pointing out No, there's another difference The four-sided rectangle Difference, but he was Your expert, and at the time, didn't he give that Testimony? He gave that testimony In a deposition, but he also said In that same deposition that he was Incorrect, he corrected himself later And when he testified under oath at the trial He said it was cross-shaped It was not four-sided and generally rectangular So that's actually a mischaracterization Of his testimony, at best he was Impeached Mr. Manti I don't want to clamp down on you If you wanted to save five minutes You can continue to speak Or say that I'm already at the five minute mark Okay, let me save it Mr. Reese For the commission Thank you, your honor And may it please the court, my name is Mark Reese I'd like to pick up Right where we left off Although rather than fumble with the exhibits Unless you'd like me to, I'll leave them Just because it can take a lot of time I'm sorry, okay I'd like to address two points If I may, it's first This notion of generally rectangular Which I think the court's questions Are pointed in the right direction In terms of what that means And how it's been applied in this case In the past We've now seen The Norgren clamp Which was found to be generally Or the Norgren flange Which was found to be generally rectangular Which is in fact octagonal I actually counted the SMC sides And I get one, two, three, four, five, six So I don't know if you'd call that a hexagon Hexagonal Which is Is a hexagon five? I'm sorry, six sides I can't remember my geometry And you're better at it than I am I think it's six sides A hexagon would be five Well as long as you don't start talking about parallel pipettes Because I had to look that one up Your honor, I think in fairness I think that one's off and I haven't heard it in the reply Well given that it's between a hexagon And a septagon and whatever else Okay Or a pentagon I do think that I do think that Between the commission's examination Of the clamp The SMC device Which again, it's hinged on the wall So just for terminology These striders This is considered the front strider This is the rear strider And this is an alignment detail on the top Alignment detail on the bottom Incidentally Just so the court is aware There is a new style clamp Which was found infringing Which Has the same It's the exact same functioning That you find in the old style SMC clamp This one predates The Norgren art by about ten years The one in your right hand You said you weren't going to fumble with I know, now I fumble It's clearly rectangular I don't think there's any dispute It doesn't seem to be a dispute Among people And the only thing I wanted to point out, your honor It's the only one that isn't here Is that You mentioned, you may recall Those ears on the flange And so these were called the wing-like Protrusions Which function the same way As the striders do Those perform the squeezing function And the alignment The question is what is its shape Now that one is clearly rectangular But why is the other one rectangular? It's actually rectangular For the same reason I would submit The four sides again Are the front strider The rear strider The top alignment detail And the bottom alignment detail And the view that one looks at Is from the clamp As it functions The clamp after all is designed to engage The flange And as the court will recall In the Norbin One opinion It looked at the face Of the flange to determine Whether it was generally rectangular And it's the face of the clamp I submit that dictates The proper view of Is it generally rectangular And you clearly have four sides And I think the court, one of your honors Pointed out that there actually Is witness testimony on both sides Favoring the view that this is a four-sided Generally rectangular clamp There is Mr. Wiscamp's testimony Which he was forced to concede On cross-examination And there's also Dr. Trumper Who was the affirmative expert Put on by SMC and whom the commission credited You want us to look at it In really just two dimensions And forget about depth You want us to look at the front face To decide whether it's generally rectangular That's pretty much what you're arguing, am I right? Well, I think the proper way What matters is what engages the flange And in that respect What engages the flange It's actually entirely Exactly like the new style clamp Which is The alignment details prevent The FRL It doesn't say A generally rectangular portion Of a clamp which engages the flange Quite the contrary It says a generally rectangular clamp Otherwise it would say The generally rectangular portion That engages the flange This says the clamp, the whole clamp So it's not just the portion that engages the flange That has to be generally rectangular But the whole clamp So as I see it, if I reduce it to two dimensions This is kind of my rough drawing of what it looks like I mean, you know This is really rough, obviously It's about like my geometry identification skills But I don't know if that's generally rectangular I don't think that's a fair characterization Of the clamp And particularly in light Of the Norgren decision And how it was applied to the flanges And what the expert testimony is regarding the flange And also what the clamp does Which is clamping FRL units By being adapted to engage The flange So if the flange is Four sided or generally rectangular What the clamp needs to be Is four sided or generally rectangular To engage the flange And so I would submit Do you not appreciate the claim language? The claim language says it's generally a rectangular clamp It doesn't say the portion of the clamp Designed to engage the flange is generally rectangular It says the whole clamp Is generally rectangular How do you carve that up? I don't mean to carve anything up I think it's a fair application of the claim language As it's been construed There is no claim construction issue here As to generally rectangular It's for the same reason That with the flange You're suggesting the only portion of the clamp That needs to be generally rectangular Is the portion that engages the flange And my question to you is What in the claim language would justify that? The claim language says the clamp Must be generally rectangular Not the limited portion that engages the flange In terms of the clamp Being adapted to engage the flange That I'm drawing Just right out of claim 1 What the clamp performs The function performs To get to the point about generally rectangular If it's useful I would look again at the flange Which is Again, for the flange The court did not examine From the top Or from the From the back Or the side The court didn't examine any of it Because it wasn't an issue It was undisputed by the parties That they were all generally rectangular The opinion says so directly in it The only issue the court had in front of it Was two sides or four sides The flange, the issue, was the question about the rims And whether a four-sided flange Would require Rim on all four sides And that's what the court obviously disagreed With the commission on And that was the hinge On the original non-infringement finding And having found That only two rims were required The court then Found infringement If I may To your honor If this will help Your honor understand Norgren's position in this litigation In the first go-round you may recall Was that The That the flange itself was four-sided Precisely because Or that the new style connector Was four-sided because the alignment details On the top and the bottom And the wing light projections Formed the four sides And that the alignment details couldn't be ignored You couldn't call that a two-sided device Because these alignment details Actually perform a function Which is to hold The flange from twisting And again The wings perform the squeezing function So Norgren's position Today I would submit Is they would like one clamp construction For infringement They wanted a broader clamp construction They got it And then now they come in and haven't got the clamp construction They wanted for infringement They can't avoid its consequences For validity Mr. Reese your time has expired Because you agreed to split loose Yes sir Just very briefly Why shouldn't that clamp be considered Generally octagonal And not generally rectangular Generally octagonal There are eight sides Right Well again These sides The intervening slopes We'll call them Which is a concept that the ALJ Introduced into it They perform no function at all In this clamp The clamp It's the two striders The front and the rear strider And the alignment details That are what engage The flange They hold it in place and they clamp it And achieve The clamping function That is of course what this case is all about And so I would submit that I think you've answered my question Mr. Reese Let's hear from Mr. Neustadt Mr. Neustadt who has seven minutes We will not dock him with the Extra minutes Mr. Reese took Thank you your honor May it please the court At the first hearing before the ALJ The ALJ only found Non The ALJ only refused to find Obvious on the basis Of the narrow claim construction Which SMC had offered him And which he accepted The ALJ said if you're going to have a broader claim construction My conclusion on obviousness Is going to be different And this court then did adopt that broader claim construction Um But then the ALJ didn't Come to a different conclusion You say the court adopted the broader claim construction But then the ALJ went on to decide That his finding on obviousness was the same Not different Yes but he used a different reason He used a completely Different reason The ALJ's decision was a sui sponte decision This intervening slope sides Was never argued by Nordgren Nordgren always said That a generally rectangular shape Is not defeated by intervening slope sides And it had to say this It had to say this to prove domestic industry Because its flange had Intervening slope sides It also had to do this to prove infringement Because the SMC Flange also had That intervening slope sides So this court did define what generally rectangular was And it wasn't defeated by intervening slope sides No one In the first appeal Argued intervening slope sides No one at the second hearing Argued intervening slope sides It wasn't until the ALJ Got back to write his decision That he all of a sudden said Sui sponte, I see intervening slope sides And that was the first time that came up And so it's in conflict With Nordgren's positions Both with respect to Infringement and it's also contrary To Nordgren's position With respect to the clamp Where they said that the clamp Was also four sided despite the fact that It didn't have It had intervening slope sides So your position is that the So called intervening slope sides Don't really count because they play No function And therefore aren't really Sides Well that's exactly correct But it's even generally rectangular You have something with round corners If you have a rectangle And you just round some of the corners Well you could say that's not a perfect rectangle Well rather than round the corners Why not just slant it You still have something that's generally rectangular And as you see it has no function whatsoever What they do is they make it generally rectangular So that it works So that it clamps the rectangular flange And I think your honor Was addressing in the claim But you would agree an oval is not generally rectangular Right? I mean these geometric shapes By my ineptitude have names And an oval would not be Generally rectangular would it? I think we should have to The answer to your question is really in the claims I mean you can debate As to whether or not something is rectangular or oval But really what we're talking about here Is how things work And what the claim says And this is claim one The only independent claim It says a four-sided Generally rectangular clamp Adopted in its operative position To engage the pair of Ported flanges So what it is saying is that The clamp engages The flanges And the flange is what is rectangular So it's the portion of the No no no the clamp is also rectangular A rectangular clamp adapted To engage the flanges So why doesn't the clamp have to be rectangular too? Because the flanges are four-sided That's a separate element A generally rectangular ported flange That's one element And the next element is a generally rectangular clamp Adapted in its operative clamping position To engage in parallel relationship with one another The pair of ported flanges What they're talking about So why don't you have a rectangular clamp And a rectangular flange I think you said no And you intended to say yes The clamp is generally rectangular Yes If you go to page 13 Of our brief Where we have some drawings So at the top of page 13 Or at the bottom of page 13 You can see the two flanges I mean this is the same flange I think the problem I have with the way you Redlined the top right-hand picture Is that you have excluded A portion of the clamp This is the same argument I had With the ITC attorney A few minutes ago Which is the claim says A rectangular clamp It does not say the portion of the clamp That engages the flanges must be rectangular And that's all you've outlined in red It's the portion of the clamp That engages the flanges As opposed to the entire clamp That's my problem You're right If the red part you outlined Is the clamp it's generally rectangular The problem is that's not the clamp That's only a portion of the clamp Speaking about generally rectangular Of course the case was whether or not The ITC had substantial evidence for this The ITC relied upon the admission Of Norgren's expert At the first hearing Where he said that the only difference was the hinge He admitted that the SNC old-style connector Was generally rectangular The ITC was entitled to rely upon that The ITC Did he go ahead and correct himself later No he did not He did not correct himself later What he did was he looked at it from a different view And he said well if I change the view I'll see it's cross-shaped The ALJ said no you can't escape your admission And the ALJ specifically held At the first hearing That he had admitted that the old-style connector Had a generally rectangular clamp The ITC did not disturb that decision Do you remember what page on the appendix I'm not trying to confuse you Maybe Mr. Fisher can get that for me It's also in The ID where the ALJ says He tried to get out of this admission But he just couldn't So The ITC also On the basis of the substantial evidence Relied upon what Dr. Trumper said The ITC who's the trier of fact here Not the ALJ Said they examined the physical exhibits They also said that the clamping features In the old-style and new-style connectors Are the same And the ITC also said that The intervening slope sides Determination by the ALJ Was contrary to Norgren's Infringement and domestic industry arguments They also said That the Federal Circuit in this case Held it generally rectangular Related to overall shape And that therefore the old-style connector Was generally rectangular And so That has to be reviewed On the substantial evidence standard And there certainly was substantial evidence Based upon they're looking at everything They're relying upon the admission By Norgren's expert They're relying upon Dr. Trumper's testimony And that should be substantial evidence Sufficient Which would justify Affirming their decision I see my red light is on Your time is up But if one of your colleagues Finds a number Then we will hear the number But other than that Your time is up Thank you Mr. Manti has some rebuttal time I think the number you're looking for Is A2459 That's testimony Of Mr. Wiskamp that it's cross-shaped Thank you Even if you assume And I'm not conceding this But even if you assume that That old SMC clamp is four-sided And generally rectangular There's no evidence in the record at all Of why a person of ordinary skill in the art Would choose that shape For this clamp Furthermore There's no evidence from a person really of that time In the time period before the invention Of why you would add A pivoting side Other than Dr. Trumper just saying it was common sense Dr. Trumper Did not Participate in that industry During the critical time He did not review anything from that critical time Or interview anybody who did Whereas Mr. Wolf Was designing connectors and FRL units For two competitors During the critical time And actually got a patent At the very same time as the 392 patent On a different idea His team of people at both places He worked for Plus the NFPA The National Fluid Power Association Plus the trade shows Plus the trade magazine None of them had Teachings, suggestions, or Motivation to combine These elements or to use either one of them So If the evidence is that All the elements existed in Say 1983 when the Yamazaki Patent for the old SMC clamp came out And There was a motivation which the ITC Found from the wording in the patent itself Which I submit is not The legal standard. You can't use the patent itself For motivation. There's no evidence of other motivation But even if that's all true Why didn't the engineers At SMC or Any other FRL maker around the world Come up with this idea If it was obvious in the ten years Between the 1983 Yamazaki Patent and the 1993 392 Invention. I know That there's no burden on us to show Non-obviousness. In fact, when I did Trials, one of the things we used to ask The jurors is can you prove that You don't speak Chinese And of course nobody can prove that Because you can't prove a negative And there's no burden on us But I nonetheless submit that Mr. Wolf was the perfect witness To prove that The combination of these units or even the Selection of these elements Of this patent was not Obvious to a real person of skill in the art Before the 1993 Patent. All you have In this case is Hindsight from a Professor, granted a very bright And distinguished person, but basically A hired gun who comes in After the fact, long after the fact And says oh it's obvious It's common sense looking at the result I submit that's not Enough to prove obviousness and I think The real crux of this case beside The shape, the shape is a Quick out. If the elements didn't exist in the Prior art then I think it can't Be obvious. But I think The entire bulk of the evidence Not just substantial evidence but basically All of the evidence in this case was That this invention Was non-obvious. Was this the case Where you were Asserting that Dr. Trumper is not a qualified witness Mechanical Engineering professor at MIT? I'm saying that he did not Have the foundational background To tell us what a person of ordinary Skill in the art in 1993 In the FRL industry In making these common units Would have thought was obvious. And he did nothing to find out. He could have read the trade magazines From the time, he could have interviewed People who were working on these things at the time He didn't do any of that. He couldn't even Tell me how the FRLs And his very own lab at MIT Were connected and he said He did not review the commercial Selection Of connectors of FRLs From 1993. He didn't even have them in front of him To know what was out there and what these people Were looking at when they were trying to design a new connector. It's just a paucity Of evidence and if a person like this Can come in with pure hindsight And establish obviousness Then I think Every patent is vulnerable. If there's no further questions Did you find a page number? Yes I do. For the original For the original ID It's found in the paragraph It's found in the paragraph It's just a page number Page 1667 To page 1668 There's another page number And that's in the current ITC decision and that's Filed at page 119 Ok Thank you That's it. Thank you very much Thank you very much